UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFF BAILEY, WILLIAM KING, JR., PLUMBERS AND STEAMFITTERS LOCAL UNION 43 HEALTH AND WELFARE FUND, and PLUMBERS AND STEAMFITTERS LOCAL UNION 43 PENSION TRUST, and PLUMBERS AND STEAMFITTERS LOCAL UNION 43 ANUITY FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>ARNOLD'S PLUMBING AND UTILITIES, LLC, and TRACEY ARNOLD,<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

Jeff Bailey, William King, Jr. ("Trustees"), Plumbers and Steamfitters Local Union 43 Health and Welfare Fund, Plumbers and Steamfitters Local Union. 43 Pension Trust, and Plumbers and Steamfitters Local Union 43 Annuity Fund ("Plaintiff Funds"), complaining of Arnold's Plumbing and Utilities, LLC ("Defendant") and Tracy Arnold ("Arnold") allege as follows:

    1.    This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA) and is a civil action to recover employer contributions owed to the Plaintiff Funds. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1).

1

2. The Trustees are fiduciaries of Plaintiff Funds as that term is used at 29 U.S.C. § 1132(a) and bring this action to secure appropriate relief for Plaintiff Funds.

3. Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiff Funds are a health and welfare plan, and pension trust and annuity plan administered in this judicial district through Southern Benefit Administrators, Incorporated of Goodlettsville, Tennessee.

4. Plaintiff Funds are a health and welfare plan, and a pension trust and an annuity plan as those terms are defined in ERISA at 29 U.S.C. § 1002(1) and § 1002(2)(A) and they are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with a local labor organization. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare or pension trust and annuity benefits to participants of the Plaintiff Funds after paying administrative and other reasonable expenses.

5. During all pertinent times, Defendant was a party to a collective bargaining agreement and pursuant to the agreement, Defendant was to pay contributions to the Plaintiff Funds on behalf of covered employees. The Plaintiff Funds are primarily funded by contributions remitted by multiple participating employers pursuant to the collective bargaining agreement. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health, welfare, pension trust and annuity benefits to participants and beneficiaries of the Plaintiff Funds after paying administrative and other reasonable expenses.

6. Pursuant to the collective bargaining agreement, Defendant was bound by the provisions of the trust agreements by virtue of which Plaintiff Funds were created and operate and which provide in pertinent part that employer contributions such as those owed by Defendant to Plaintiff Funds are an asset of Plaintiff Funds when due. The Defendant is obligated under the trust

agreements to treat contributions as an asset of the Plaintiff Funds when those contributions become due.

7. Plaintiff Funds operate on the basis of an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiff Funds.

8. The collective bargaining agreement and trust agreement require prompt payment of contributions, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment as permitted by law, plus interest on unpaid contributions. Plaintiff Funds operate pursuant to written procedures which authorize the entry of a judgment against an employer for contributions owed to include, by mandate of the Court, the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%), all as allowed by 29 U.S.C. §§ 1132(g)(2)(C)(i) and (ii).

9. Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

10. Defendant is a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(c). Defendant has breached the above-referenced provisions of ERISA, the collective bargaining agreement, and the trust agreements whereby the Plaintiff Funds were created and operate, such breach occurring by virtue of Defendant failing to pay any of the

3

4865-5631-0065, v. 1

Case 3:22-cv-00682   Document 1   Filed 09/02/22   Page 3 of 5 PageID #: 3

contributions and interest due thereon and having failed to submit reports with the employee work history for employees.

11. Arnold is the agent of Defendant, and he decides on behalf of Defendant which creditors of Defendant to pay and when to pay them. Beginning in May 2022, Arnold caused Defendant to use assets of Plaintiff Funds in the form of contributions owed to Plaintiff Funds to pay creditors of Defendant. Arnold is an ERISA fiduciary personally liable under 29 U.S.C. 1103, 1104 and 1109 for using assets of Plaintiff Funds to pay creditors instead of paying contributions to Plaintiff Funds.

12. Despite demand by the Plaintiff Funds that Defendant perform its statutory and contractual and trust obligations with respect to making contributions to the Plaintiff Funds, Defendant has neglected and refused to pay the amounts that are due, and Defendant currently owes an outstanding principal amount without regard to accumulated interest. Defendant owes accumulated interest on the unpaid contribution as a result of its conduct as described herein.

13. The failure of Defendant to pay contributions on behalf of its employees will cause Plaintiff Funds to suffer irreparable harm. *See, e.g., S. Elec. Health Fund v. Kelley*, 308 F. Supp. 2d 847, 864 (M.D. Tenn. 2003), aff'd sub nom. *S. Elec. Health Fund v. Heritage Mut. Ins. Co.*, 147 F. App'x 497 (6th Cir. 2005). Further, employer delinquencies such as those of Defendant adversely affect and impact upon the financial integrity of the Plaintiff Funds, and the continued delinquency will cause the Plaintiff Funds to lose the benefit of interest income that they would otherwise earn and will cause the Plaintiff Funds to incur additional administrative expenses in connection with the remedying of the delinquencies of Defendant.

4
4865-5631-0065, v. 1
Case 3:22-cv-00682   Document 1   Filed 09/02/22   Page 4 of 5 PageID #: 4

14. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Trustees and Plaintiff Funds request the following relief:

(a) A permanent injunction enjoining Defendant from violating the provisions of ERISA, the collective bargaining agreement, and the trust agreements requiring payment of contributions.

(b) A judgment against Defendant and Arnold in favor of Trustees and Plaintiff Funds for all contributions that are owed as of the date of the judgment plus the greater of double interest or single interest plus liquidated damages, and all attorney fees and costs incurred in connection with this action.

(c) A judgment against Arnold in favor of Trustees and Plaintiff Funds for the damages incurred by his breach of fiduciary duties.

(d) For such further or different relief as the Court may deem proper or just.

Respectfully submitted,

/s/ *R. Jan Jennings*
R. Jan Jennings, BPR No. 1536
Joe P. Leniski, Jr., BPR 22891
**Branstetter, Stranch & Jennings, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com
Email: joeyl@bsjfirm.com